UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT ATTORNEY FAMILY SUPPORT DIVISION D.A. STEVEN B. WOLFSON, JASMINE HARRIS, [and] HEATHER MYERS,<br><br>Defendants. | Case No. 2:25-cv-01547-CDS-EJY<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP Application is complete and granted below. The Court recommends dismissal of Plaintiff's Complaint in its entirety because all of the Defendants against whom Plaintiff brings claims are immune from suit.

**I.    The Screening Standard**.

Under 28 U.S.C. § 1915(e)(2), the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Immunity Bars Plaintiff's Claims**.

Plaintiff alleges claims arising under a Nevada Revised Statute and Title VII of the 1964 Civil Rights Act. ECF No. 1-1 at 5. Setting aside that Plaintiff does not state a claim under either of the legal concepts identified, Plaintiff names District Attorney Steve Wolfson, and case managers Heather Myers and Jasmine Harris as Defendants. *Id*. at 2-3. Plaintiff says he is being discriminated against based on his race because District Attorney Wolfson, and case managers Myers and Harris are ordering him to pay what the Court reasonably interprets as child support currently in arrears. *Id*. at 3. Further, Ms. Harris has apparently effected garnishment of Plaintiff's wages. *Id*.

To the extent Plaintiff is attempting to name the Clark County District Attorney's office as a Defendant in this case, his claim fails. County district attorney's offices are not "persons" available to be sued under 42 U.S.C. § 1983. *Morris v. State Bar of California*, Case No. CV F 09–0026, 2010 WL 4977677, at *2 (December 2, 2010) ("The Complaint alleges claims against the Fresno County District Attorney's office," as well as the County of Fresno. "The Fresno County District Attorney's office is a 'sub-unit' of the County of Fresno and is not a person under § 1983. Therefore, judgment is granted to the Fresno County District Attorney's office.") (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (holding that umbrella organization composed of various city and county offices was not a separately suable entity)); *Kekaula v. Luera*, Case No. 1:08-cv-00282, 2008 WL 4821766, at *4 (E.D. Cal. 2008) (finding the Bakersfield District Attorney's Office was not a "person" under Section 1983); *Pobursky v. Madera County*, Case No. 1:07-cv-0611, 2007 WL 2023529, at *6 (finding that the Madera County District Attorney's Office was a sub-division or department within Madera County and not separately subject to suit).

Moreover, prosecutors performing their official prosecutorial functions are entitled to absolute immunity from suits alleging constitutional torts. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). "Under the doctrine of common law immunity, it is [also] settled that a district attorney is immune from damages for his actions and conduct arising from the performance of his … prosecutorial function." *Washoe Cnty. ex rel. Off. of Dist. Atty., Nonsupport Div. v. Second Jud. Dist. Ct. of State of Nev. In & For Washoe Cnty.*, 652 P.2d 1175, 1176 (Nev. 1982) (per curiam)) (citing *Imbler*, 424 U.S. 409). Plaintiff's claims against District Attorney Wolfson arise from his official duties that include the pursuit of child support allegedly owed and unpaid. Thus, the Court finds Clark County D.A. Steve Wolfson is protected by absolute immunity from suit.

Further, when the office of a county district attorney performs functions relating to child support enforcement, those actions are an integral part of the judicial process that falls within the quasi-judicial function. *Fockaert v. County of Humbolt*, Case No. C-98-2662, 1999 WL 30537, at *6 (N.D. Cal. Jan. 15, 1999) (internal citation omitted). Importantly, quasi-judicial immunity protects not only district attorneys, but those carrying out child support enforcement orders from

suits for alleged civil rights violation. *Id*. *See also Meyers v. Contra Costa County Dept. of Soc. Servs.*, 812 F.2d 1154, 1156–59 (9th Cir. 1987). Here, therefore, even if District Attorney Wolfson is not absolutely immune from suit under *Van de Kamp* and *Imbler*, Wolfson is immune under *Fockaert*.

Finally, as alleged, Ms. Harris is a case manager who was involved in the District Attorney's efforts to collect child support allegedly owed by Plaintiff. ECF No. 1-1 at 3. Ms. Myers assisted with those collection efforts by effecting the garnishment of Plaintiff's wages. Thus, these two named Defendants acted in accordance with the legal process instituted by the Clark County District Attorney's Office relating to child support enforcement. The Court finds Ms. Harris and Ms. Myers are entitled to the protection afforded under quasi-judicial immunity and, therefore, Plaintiff's claims against these Defendants must be dismissed.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket and shown as dismissed for the reasons recommended herein.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice as all Defendants are immune from suit.

Dated this 21st day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).